THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HERMAN CHARLES TELLIS,

                Plaintiff,

   v.

ALASKA AIRLINES, INC.,

                Defendant.

Case No. 17-00901-RAJ

**ORDER**

This matter comes before the Court on Defendant's Motion to Dismiss Plaintiff's Fourth Amended Complaint. Dkt. # 47. Plaintiff opposes the Motion. Dkt. # 50. For the reasons that follow, the Court **GRANTS** Defendant's Motion. Dkt. # 47.

**I.    BACKGROUND**

The facts of this case are set forth in greater detail in a previous Order issued by the Court. Dkt. # 44. Those facts will not be repeated and are incorporated in this Order. Plaintiff Herman Charles Tellis was hired by Defendant Alaska Airlines, Inc. as a Maintenance and Engineering Mechanic in 1990. Dkt. # 1-3. Prior to his resignation, Plaintiff made several complaints regarding Defendant to the U.S. Equal Employment Opportunity Commission ("EEOC"). *Id*. On February 8, 2013, Defendant notified Plaintiff that he could sign a resignation agreement and a settlement and release agreement in lieu of an involuntary termination. *Id*. at ¶ 5.8. Plaintiff signed both agreements. *Id*. Between February 8, 2013, and May 13, 2014, Plaintiff executed and

ORDER - 1

revoked several settlement and release agreements with Defendant. Dkt. # 1-3 Ex. 1, 3; Dkt. # 41 Exs. 1-3. After Plaintiff's resignation, he filed at least four more complaints against Defendant with the EEOC, most recently on June 15, 2018. Dkt. # 1-3 Ex 3; Dkt. # 25; Dkt. # 45 at ¶¶ 5.13, 5.14.

In January of 2017, Plaintiff found employment as an airframe and powerplant technician at Compass Airlines through Aero Tech Technical Employee Services. Dkt. # 45 at ¶ 7A. On or about April 15, 2017, Plaintiff learned that he would be "assigned access Alaska Air in search of a special tool." Plaintiff was under the impression that he was not allowed to handle Alaska Airlines equipment and was afraid that he would be spotted by Alaska Airlines personnel, so he left his job. *Id*. In September of 2017, Plaintiff began working as a contractor with Launch Group, and his services were leased to Aviation Technical Services ("ATS"). Dkt. # 45 at ¶ 7B. On or about December 15, 2017, two Alaska Airlines jets pulled into the ATS facility where Plaintiff worked. As Plaintiff did not feel that he was allowed to perform work on Alaska Airlines equipment, and he felt that "being exposed to a lawsuit by Alaska for servicing their products" was "not worth it," he left his employment at ATS. *Id*. Plaintiff also alleges that he has been unable to update his training and certification necessary to maintain his status as a FAA certified technician because he did not believe he could participate in training offered by Virgin America, because it is owned and operated by Alaska Airlines. Dkt. # 45 at ¶ 7C. On January 16, 2018, Plaintiff applied for a Supervisor Line Maintenance position with Defendant but "heard nothing favorable from Alaska Airlines with regard to the position." *Id* at ¶ 5.13.

Plaintiff, proceeding *pro se*, filed his original Complaint in King County Superior Court on May 22, 2017. Dkt. # 1. On May 31, 2018, the Court granted in part and denied in part Plaintiff's Motion for Leave to Amend his Complaint. The Order also granted Defendant's Motion for Judgment on the Pleadings to the extent that Plaintiff's Complaint alleged age discrimination or retaliation claims based on three of

the settlement and release agreements between the parties. Dkt. # 44. Plaintiff then filed a Fourth Amended Complaint. Dkt. # 45. On July 5, 2018, Defendant filed this Motion to Dismiss Plaintiff's Fourth Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). A court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co*., 519 F.3d 1025, 1031 (9th Cir. 2008). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id*. at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A court typically cannot consider evidence beyond the four corners of the complaint, although it may rely on a document to which the complaint refers if the document is central to the party's claims and its authenticity is not in question. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). A court may also consider evidence subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

## III. DISCUSSION

As a preliminary matter, Plaintiff filed two "praecipes" after Defendant filed their Motion to Dismiss. Dkt. ## 48, 49. It appears that these documents are additions and edits to his Fourth Amended Complaint. These praecipes add new claims against Defendant and reintroduce several allegations from prior versions of his Complaint. These are not the type of corrections or errors contemplated by Local Rule 7(m) and

ORDER - 3

Plaintiff did not seek leave to amend his Fourth Amended Complaint. While *pro se* litigants are treated more liberally than litigants with counsel, they must still follow the same rules of procedure that govern other litigants. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012). As Plaintiff did not seek leave to amend and filed these documents after Defendant filed their Motion to Dismiss, to the extent that the praecipes make substantive changes to the Fourth Amended Complaint, the Court will not consider them here.

### A. The No Reemployment Provision

The Court's May 31, 2018 Order granted Defendant's Motion for Judgment on the pleadings to the extent that Plaintiff's Complaint alleged age discrimination or retaliation claims (Age Discrimination in Employment Act or "ADEA" claims) based on three of the settlement and release agreements between the parties: a general release of claims with a "No Reemployment" provision, signed in February of 2013 (the "February 2013 Agreement"); an "Amendment to Confidential Settlement and Release Agreement," signed in November of 2013 (the "Amended Agreement"); and a settlement and release agreement covering any ADEA claims, signed in May of 2014 (the "May 2014 Agreement"). Dkt. # 44. The No Reemployment provision in the February 2013 Agreement states:

> [Plaintiff] understands and agrees that he waives any right that he may have to reinstatement and/or reemployment by [Defendant] or its affiliates and/or subsidiaries . . . and that [Plaintiff] has not and will not apply for or seek future employment with [Defendant], its affiliates and/or subsidiaries. [Plaintiff] agrees that [Defendant], including its affiliates and subsidiaries, has no obligation to consider [Plaintiff] for future employment or assignment. [Defendant], its affiliates, and/or subsidiaries may reject any future applications by [Plaintiff] without recourse.

ORDER - 4

Dkt. # 41 Ex. 1. The February 2013 Agreement was revoked by Plaintiff, however, Defendant contends that this No Reemployment provision was revived by the subsequent Amended Agreement. *Id*.

Plaintiff's Fourth Amended Complaint makes many of the same allegations as his previous Complaint. Plaintiff again contends that the February 2013 Agreement, the Amended Agreement, and the May 2014 Agreement are "unlawful," and that Defendant engaged in age discrimination and retaliation in violation of the ADEA. Dkt. # 50 at 5. The Court reiterates that to the extent that Plaintiff alleges any ADEA discrimination or retaliation claims based on the February 2013, Agreement, the Amended Agreement (this includes the No Reemployment provision), or the May 2014 Agreement, in his Fourth Amended Complaint, those claims are untimely and are **DISMISSED**. Dkt. # 44.

B. Failure to Hire

Plaintiff claims that Defendant's failure to hire him as a Supervisor of Line Maintenance in January of 2018 was age discrimination in violation of the ADEA. To state a claim for age discrimination, Plaintiff must first establish a prima facie case. In a "failure to hire" context, a prima facie case consists of a showing that: (1) Plaintiff was in the protected class of persons, (2) Plaintiff applied for a position for which he was qualified, and (3) a younger person with similar qualifications received the position. *Cotton v. City of Alameda*, 812 F.2d 1245, 1248 (9th Cir. 1987). Plaintiff, who is over the age of 40, alleges that he was qualified for the position he applied for because he worked in Defendant's Line Maintenance department for over 15 years. Dkt. # 45 at ¶ 5.13. While working in a Line Maintenance department for such an extended period of time would provide Plaintiff relevant experience, Plaintiff does not make any allegations regarding the requirements for a Supervisor of Line Maintenance at Alaska Airlines or whether he meets those requirements[1]. Even if the Court makes an inference

---

[1] Plaintiff makes several allegations in his Response to Defendant's Motion that are not

ORDER - 5

that the only requirement for a Supervisor of Line Maintenance is several years of experience working in that department, Plaintiff does not allege that a younger applicant with similar qualifications received the position. At most, it appears that Plaintiff assumes that his failure to obtain an interview supports an inference that a younger applicant was hired for the position. This not sufficient to establish the third element. Even accepting Plaintiff's allegations as true, the Fourth Amended Complaint fails to state a claim that Defendant engaged in age discrimination by failing to hire him. Therefore, Defendant's Motion to Dismiss is **GRANTED** as to Plaintiff's ADEA "failure to hire" claim.

### C. Older Workers Benefit Protection Act

Plaintiff also claims that the No Reemployment provision, revived by the Amended Agreement, violates the Older Workers Benefit Protection Act ("OWBPA"). 29 U.S.C. § 626(f)(1). The OWBPA imposes restrictions on when an employee can validly waive his right to bring an ADEA claim. Plaintiff appears to allege that the No Reemployment provision is an ADEA waiver, that as an ADEA waiver the provision is in violation of the OWBPA, and that this violation establishes that Defendant engaged in age discrimination. Defendant argues that a violation of the OWBPA does not provide an independent cause of action separate from an age discrimination claim under the ADEA. While the Ninth Circuit has not yet ruled on this issue, other courts have found that a violation of the OWBPA wavier provisions does not, by itself, establish age discrimination. *See Whitehead v. Okla. Gas & Elec. Co*., 187 F.3d 1184 (10th Cir. 1999). The "OWBPA governs the effect under federal law of waivers or releases on ADEA claims." *Oubre v. Entergy Operations, Inc.*, 522 U.S. 422, 427, 118 S.Ct. 838,

---

included in his Fourth Amended Complaint. This is Plaintiff's third attempt to bring his claims, not including his attempt to further amend this version of his Complaint by filing two praecipes after the filing of this Motion. As noted above, *pro se* litigants must still follow the same rules of procedure as other litigants, and Plaintiff cannot be allowed to amend his Complaint at will. To the extent that Plaintiff makes factual allegations in his Response that are not in his Fourth Amended Complaint and cannot be inferred from the allegations in the Fourth Amended Complaint, they will not be considered for the purposes of this Motion.

ORDER - 6

139 L.Ed.2d 849 (1998). It follows that the purpose of the OWBPA is to determine whether an employee has waived the right to bring an ADEA claim and not to determine whether age discrimination has actually occurred. Plaintiff does not cite to any legal authority supporting that theory and offers no response to Defendant's argument. Further, the Court notes that legislative history specifically states that the waiver provisions of the OWBPA protect the rights of older workers by "ensur[ing] that older workers are not coerced or manipulated into waiving their rights to seek legal relief under the ADEA," establishing a clear distinction between an ADEA-based age discrimination suit, and a violation of the OWBPA. 1990 U.S.C.C.A.N. 1509, 1510. As noted above, to the extent that Plaintiff asserts that this provision is the basis for an ADEA discrimination or retaliation claim, his claim is barred as untimely. Therefore, to the extent that Plaintiff alleges that the No Reemployment provision constitutes age discrimination due to an alleged violation of the OWBPA, Defendant's Motion is **GRANTED.**

Plaintiff alleges that the No Reemployment provision violates the OWBPA because he was not allowed 7 days to revoke the provision, in violation of 29 C.F.R. § 1625.22 (e)(2). Plaintiff makes no factual allegations to support this statement. Plaintiff executed three settlement agreements in November of 2013, one of which was the Amended Agreement. Shortly thereafter, Plaintiff revoked one of those settlement agreements. Dkt. # 1-3 Ex. 1. Plaintiff makes no allegation that he was prevented from revoking the Amended Agreement at the same time, or that he was led to believe that he was unable to do so. The Court notes that Plaintiff exercised his right to revoke settlement agreements on several occasions during the time period relevant to this claim.

Plaintiff also contends that all ADEA waivers of future rights are prohibited by the OWBPA, and that restrictions on Plaintiff's "future rights, including the right to apply for and secure and maintain employment" are unlawful, and that Plaintiff believed

ORDER - 7

he had surrendered his right to "protest the enforcement of his ADEA waiver or assert his ADEA claims" because he would be forced to pay back the money he received in settlement from Defendant. None of these allegations support Plaintiff's claim that the No Reemployment provision violates the OWBPA. Plaintiff cites to no legal authority that No Reemployment provisions constitute a per se violation of the OWBPA, or that any waiver of rights and claims under the ADEA are unlawful. The OWBPA was enacted to set out the minimum requirements for determining whether an ADEA waiver is knowing and voluntary. If all ADEA waivers were unlawful, Congress would not have amended the ADEA to better regulate them. Plaintiff also provides no explanation as to how any tender-back provisions in his settlement agreements violate the OWBPA. To the extent that Plaintiff alleges that the No Reemployment provision violates the OWBPA, Defendant's Motion is **GRANTED.**

D. Resignation of Employment

Plaintiff also claims that Defendant engaged in age discrimination and retaliation when he was forced to resign his positions with Compass Airlines and ATS in 2017. Dkt. # 45 at ¶¶ 7A, 7B. Plaintiff alleges that he resigned these positions due to the No Reemployment provision because he was under the impression that he was unable to work on Alaska Airlines equipment. The No Reemployment only applies to waive Plaintiff's right to reemployment, reinstatement, assignment as an independent contractor, and future employment with Defendant or its affiliates and subsidiaries. Dkt. # 41 Ex. 1. Plaintiff does not allege that either Compass Airlines or ATS is an affiliate or subsidiary of Defendant, merely that while employed there, there was a possibility that he may need to work on Alaska Airlines Equipment. Plaintiff does not allege that either employer intended to assign him to or on behalf of Defendant as an independent contractor. Plaintiff makes no allegations that support his claim that Defendant is liable for Plaintiff's voluntary resignations, or that they had any involvement in the termination of his employment. Further, to the extent that Plaintiff

ORDER - 8

claims that the No Reemployment provision is in itself age discrimination in violation of the ADEA, that claim is again untimely. To the extent that Plaintiff claims that Defendant engaged in age discrimination and retaliation resulting in the termination of his employment with Compass Airlines and ATS, Defendant's Motion is **GRANTED.**

E. Equitable Tolling

As with Plaintiff's previous Complaint, the Fourth Amended Complaint appears to allege that Plaintiff is entitled to equitable tolling or equitable estoppel of the limitations period for bringing this suit. Under federal law, equitable tolling is applied "sparingly." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). The equitable tolling doctrine focuses on whether there was excusable delay by the plaintiff. *Lukovsky v. City & Cty. of San Francisco*, 535 F.3d 1044, 1051 (9th Cir. 2008). "Equitable estoppel, on the other hand, focuses primarily on actions taken by the defendant to prevent a plaintiff from filing suit, sometimes referred to as 'fraudulent concealment.'" *Id*.

For the same reasons stated in the Court's previous Order, equitable tolling and equitable estoppel do not serve to excuse Plaintiff's failure to file his claim within the limitations period. Plaintiff repeatedly asserts that Defendant acted to delay his "discovery" that he had a right to bring these claims but makes no factual allegations to support this assertion. Plaintiff alleges that the "ADEA waiver documents" were misleading, coercive and threatening, but again, does not allege that Defendant acted to prevent Plaintiff from filing suit. Plaintiff makes no argument that he diligently pursued his claims or that the delay of over a year to file this lawsuit constitutes excusable delay.

//
//
//

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's Fourth Amended Complaint. Dkt. # 47.

Dated this 25th of October, 2018.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge