HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HERMAN CHARLES TELLIS,

    Plaintiff,

v.

ALASKA AIRLINES, INC.,

    Defendant.

Case No. 2:17-cv-00901-RAJ

ORDER

## I. INTRODUCTION

This matter comes before the Court on Plaintiff's Motion for Reconsideration. Dkt. # 60. For the reasons below, Plaintiff's motion is **DENIED**.

## II. BACKGROUND

The facts of this case are set forth in greater detail in a previous Order issued by the Court. Dkt. # 44. Those facts will not be repeated and are incorporated in this Order. As relevant here, after the Court granted leave to amend, Plaintiff filed a Fourth Amended Complaint on June 20, 2018. Dkt. # 45. On July 5, 2018, Defendant filed its Motion to

ORDER – 1

Dismiss Plaintiff's Fourth Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). On October 25, 2018, the Court granted Defendant's motion. Dkt. # 60.

### III. DISCUSSION

Motions for reconsideration are disfavored under the Local Rules for the Western District of Washington. *See* LCR 7(h)(1). Thus, "in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence," such motions will ordinarily be denied. *Id.* Motions for reconsideration must be filed within fourteen (14) days of the order on which the motion is based. LCR 7(h)(2).

While a previous order can be reconsidered and amended under Rule 59(e), the rule offers an "extraordinary remedy" to be used sparingly. A motion to reconsider "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); Fed. R. Civ. P. 59. Rule 60(b) allows a party to seek relief from an order under a "limited set of circumstances, including fraud, mistake, and newly discovered evidence." *Harvest v. Castro*, 531 F.3d 737, 744 (9th Cir. 2008); Fed. R. Civ. P. 60(b).

Plaintiff argues that this case should be reopened because his Fourth Amendment Complaint was filed absent leave from this Court. Dkt. # 60. Accordingly, Plaintiff appears to believe that all subsequent orders and motions are inherently erroneous. *Id.* This argument fails because the Court explicitly granted Plaintiff leave to amend and ordered that he file his Fourth Amended Complaint within twenty days of that order. *See* Dkt. # 44 ("To the extent that Plaintiff moves for leave to amend his complaint to allege a violation of 29 C.F.R. § 1625.22, his Motion is GRANTED."). As Plaintiff provides no

ORDER – 2

1 | basis for reconsideration, Plaintiff's motion is **DENIED**.  Dkt. # 60.

DATED this 17th day of July, 2019.

The Honorable Richard A. Jones
United States District Judge

ORDER – 3